# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MONA LEWIS, | ) |
| | ) |
|     Plaintiff | ) |
| | ) **Case No.:** |
|   v. | ) |
| | ) **COMPLAINT AND DEMAND FOR** |
| EOS CCA, | ) **JURY TRIAL** |
| | ) |
|     Defendant | ) **(Unlawful Debt Collection Practices)** |

## COMPLAINT

MONA LEWIS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against EOS CCA ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and maintains an office in the Commonwealth of Massachusetts and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Orlando, Florida 32829.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a debt collection company with its corporate headquarters located at 700 Longwater Drive, Norwell, Massachusetts 02061.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times herein, Defendant was attempting to collect a consumer debt and contacted Plaintiff in an attempt to collect that debt

11. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

12. Plaintiff never incurred any debt in connection with a business or commercial activities, and therefore, the debt if truly an obligation owed by her, could only have arisen from a financial obligation primarily for personal, family, or household purposes.

13. Beginning in or around October 2014, and continuing through October 2015, Defendant contacted Plaintiff's cellular and home telephones on a repetitive and continuous basis in an attempt to collect an alleged debt.

14. Defendant contacted Plaintiff, on average, once a day.

15. Upon initial communication, Plaintiff advised Defendant to stop calling her cellular and home telephones.

16. Although Plaintiff's request was heard, Defendant failed to update its records to cease communications, and instead, continued to call Plaintiff almost every day.

17. It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant.

18. Further, Defendant called Plaintiff at times when it was inconvenient for her to receive collection calls, specifically calling her before 8:00 a.m.

19. Upon information and belief, Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying the alleged debt.

20. Finally, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of her rights to dispute the debt and/or to request validation of the debt, as well as to provide her with the name of the creditor and the amount of the debt.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

21. Defendant's conduct violated 15 U.S.C. § 1692c(a)(1).

    a. A debt collector violates § 1692c(a)(1) of the FDCPA by communicating with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8:00 a.m. and before 9:00 p.m., local time at the consumer's location.

    b. Here, Defendant violated § 1692c(a)(1) of the FDCPA when it called Plaintiff before 8:00 a.m.

### COUNT II

22. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) of the FDCPA by calling Plaintiff once a day, and continuing to call Plaintiff after being told to stop calling.

## COUNT III

23.    Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls

to Plaintiff's cellular and home telephone after she told them to stop calling.

WHEREFORE, Plaintiff, MONA LEWIS, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MONA LEWIS, demands a jury trial in this case.

                RESPECTFULLY SUBMITTED,


        By:  */s/ Craig Thor Kimmel*_____
            CRAIG THOR KIMMEL
            BBO# 662924
            Kimmel & Silverman, P.C.
            30 E. Butler Pike
            Ambler, PA 19002
            Phone: (215) 540-8888
            Fax: (877) 788-2864
            kimmel@creditlaw.com

Dated: 12-15-15